Anerio V. Altman, Esq. #228445
Lake Forest Bankruptcy
23151 Moulton Parkway Suite 131
Laguna Hills, CA 92653
Phone and Fax:  (949) 218-2002
avaesq@lakeforestbkoffice.com
**ATTORNEY FOR TRUSTEE**
**RICHARD A. MARSHACK**

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA –SANTA ANA DIVISION

| | |
|---|---|
| In re:  DEBORAH JEAN HUGHES<br><br>RICHARD A. MARSHACK,<br>Chapter 7 Trustee and Plaintiff<br><br>Vs.<br><br>DEBORAH JEAN HUGHES, Debtor and Individual; BETTY MCCARTHY, as an individual and as Trustee of the Betty Lou McCarthy Living Trust;  JASON PAUL HUGHES, as an individual and as Trustee of the JPH Living Trust; TIMOTHY M. HUGHES, an individual,<br><br>Defendants. | **Case No.:** 8:19-bk-12052-TA<br><br>**Chapter:** 7<br><br>**Adv. No.:**  TO BE ASSIGNED<br><br>**COMPLAINT FOR:**<br>I.    **DENIAL OF DISCHARGE PURSUANT TO 11 U.S.C. Sec. 727(a)(2)-(7);**<br>II.   **TURNOVER OF REAL PROPERTY PURSUANT TO 11 U.S.C. Sec. 542;**<br>III.  **TURNOVER OF FUNDS PURSUANT TO 11 U.S.C. Sec. 542 & 543;**<br>IV.   **AVOIDANCE OF A PREFERENTIAL TRANSFER PURSUANT TO 11 U.S.C. Sec. 547;**<br>V.    **AVOIDANCE OF A PREFERENTIAL TRANSFER PURSUANT TO 11 U.S.C. Sec. 548;**<br>VI.   **AVOIDANCE OF A POST-PETITION TRANSFER PURSUANT TO 11 U.S.C. Sec. 549;** |

- 1

COMPLAINT

|  | ) | VII. | AWARD OF JUDGMENT PURSUANT TO 11 U.S.C. Sec. 550; |
|  | ) | VIII. | SALE OF REAL PROPERTY PURSUANT TO 11 U.S.C. Sec. 363(h) |

)
**JUDGE:**
HON. THEODOR ALBERT

)
**TRUSTEE:**
RICHARD A. MARSHACK

**TO THE HONORABLE THEODOR ALBERT, UNITED STATES BANKRUPTCY JUDGE, TO THE UNITED STATES TRUSTEE AND TO ALL OTHER INTERESTED PARTIES AND THEIR ATTORNEYS OF RECORD:**

RICHARD A. MARSHACK, Chapter 7 Trustee ("Trustee"), brings this complaint as against DEBORAH HUGHES, Debtor and Defendant ("Debtor"), BETTY MCCARTHY, an individual, in her individual capacity and as Trustee of the Betty Lou McCarthy Living Trust, ("MCCARTHY") TIMOTHY HUGHES, an individual ("TIM HUGHES") and JASON PAUL HUGHES, an individual, and as Trustee of JPH Living Trust ("JASON HUGHES").

**I.**

**FACTS OF THE CASE**

The Trustee alleges the following facts in support of his complaint:

Prior to the filing of her bankruptcy petition on May 28th, 2019, the Debtor was a married woman involved in a business with her family. She ran a business known as "Cuppa Juice Cold Pressed Juicery" which sold a variety of plant based juice drinks and food products. This business had two locations: 1 located in Orange County, and 1 located in San Diego County respectively.

The business was incorporated in June 2014 and operated from on or around Mid 2015 until early 2019.  Shortly after filing her bankruptcy petition, the business would be closed.

The Debtor's interest in her business was an asset of her community as that is defined under the California Family Code.  Ms. Hughes operated her business with the knowledge and consent of her husband Tim Hughes.  Tim Hughes would sometimes assist the Debtor in her business.  Her son Timothy Hughes (not currently a party to these proceedings) owned the business with her.  The business was a community property asset used to generate community property income, which was used to pay community property debts.  Business obligations she incurred were generated and intended to pay "necessities" and "necessaries" of life.  <u>California Family Code 910 et seq.</u>

Beginning in early 2018, Ms. Hughes would suffer various legal problems.  On January 26th, 2018, Ms. Hughes would be sued by future Creditor Adam Seligman concerning a sale of certain corporate interests.  This case was filed in the California Superior Court San Diego Division.  In that matter, the Debtor brought a Motion to Compel Arbitration which was granted by the California Court resulting in the dismissal of the State Court proceeding.  This dispute then proceeded in arbitration in the first part of 2019.  No final judgment was issued by the arbitrator and the matter was ultimately stayed by the petition filing.  Contemporaneously with these events, in 2019, she would then be brought into two other collection proceedings.  By at least early 2019, the Debtor's debts would exceed her assets and she would be insolvent.

With these creditors at the door, in 2019 the Debtor began taking steps in anticipation of filing for bankruptcy.

On March 4, 2018, the Debtor drafted a document with her mother, Ms. McCarthy, to purchase a proposed percentage of her mother's house.  Exhibit 1.  Pursuant to the terms of that agreement, Ms. Hughes purchased the following:

> "It is the intent of both parties to allow Debbie Hughes to buy a percentage of the above described property.  Said percentage will be based on the value of the home at the time of purchase divided by the total investment of Debbie Hughes.  The purchase/percentage may not exceed 15% of the value of the home."  Id.

Ms. McCarthy's house was located at 4192 Shorebreak Drive, Huntington Beach, CA 92692 ("Shorebreak"). The Trustee alleges, on information and belief, that Shorebreak, is and was, worth approximately $1,600,000 at the time this contract was executed.

On April 28, 2019, Tim Hughes would file paperwork initiating a dissolution of his marriage to the Debtor.  The Debtor would file her own petition on May 31, 2019.  Exhibit 2.  In violation of the automatic stay, and for reasons that are not clear, in July 2019, Tim Hughes and Deborah Hughes would then divide up and abscond with their interests in the former community property.  Ms. Hughes provided a document to the Trustee representing this agreement.  Id.

Prior to filing her bankruptcy petition, the Debtor owned real property located at 22571 Charwood Circle, Lake Forest, CA 92630 ("Charwood", "Charwood Property").  This was her residential property and it was owned jointly by the Debtor and her husband Tim Hughes.  The Trustee alleges on information and belief that the value of the property was worth approximately $700,000 as of May 2019.

On May 28th, 2019, Deborah Jean Hughes ("Debtor") filed a petition under Chapter 7 of Title 11 of the United States Code.  The court entered an order for relief and the Trustee was appointed the interim Chapter 7 Trustee of this matter.  A 341a hearing was initially scheduled for

July 9th, 2019.  On July 9th, 2019, no objection was taken to the Trustee's appointment and he became the permanent Trustee of Chapter 7 Bankruptcy Case 8:19-bk-12052-TA.

The Debtor testified that she contracted with her son Jason Hughes to purchase her interest in Charwood and pay those proceeds to her mother, Betty McCarthy, to fund the purchase described in the March 4th, 2019 agreement.  Records provided by the Debtor demonstrated that on May 21, 2019 she quitclaimed her interest to Jason Hughes.  Exhibit 3.

The Trustee alleges that the Debtor received funds for her transfer of Charwood after she filed her bankruptcy petition on May 28th, 2019.  The Debtor provided the Trustee with a check dated "May 22nd, 2019" in the favor of Betty McCarthy in the amount of $130,000.  Exhibit 4. However, the endorsement of the check by Betty McCarthy's bank demonstrates that it was honored on July 13th, 2019.  Id.  Further, the Debtor demonstrated that she opened a bank account in June 2019 into which approximately $132,307 was deposited.  Exhibit 5.  Therefore, the Trustee alleges that approximately $130,000 was received by the Debtor post-petition and conveyed to Betty McCarthy in July 2019.  These assets belonged to the estate of May 28th, 2019, the date the petition was filed.

The Debtor would provide a Grant Deed to the Trustee, executed on July 25th, 2019, which purported to transfer 12% interest in Shorebreak drive to Deborah Hughes.  Exhibit 6.  As of the time of this writing, this document was never recorded nor this transfer perfected.

On or around August 25th, 2019, Tim Hughes would transfer his interest in Charwood to Jason Hughes on behalf of JPH Living Trust by quitclaim deed.  Exhibit 7.  The Trustee alleges that either Tim Hughes received funds for this transfer, or transferred this interest for no consideration.

_____

On or around November 7th, 2019, Jason Hughes would transfer his interest in Charwood to the JPH Living Trust. Exhibit 8.

The Debtor would appear at several 341a hearings and make representations to the Trustee on the record. Of note, through her petition, and by documents provided to the Trustee, she testified as follows:

1. She testified to ownership of a Bank of America Account with her mother. She refused to provide full unredacted statements of this account to the Trustee upon request although she had unfettered access to acquire and provide these statements to the Trustee. Specifically, she provided the cover page of each account, and a formal declaration refusing to cooperate with the Trustee. Exhibit 9.

2. She testified that she conveyed the $130,000 to her mother who then began quickly utilizing these funds for improvements to the Shorebreak property.

3. She has represented in testimony that the purchase of the Shorebreak property from her mother was an attempt to acquire an interest in a new residence. The Trustee alleges that the Debtor's representation on this point was fraudulent in nature and was an attempt to dissipate her assets and put them out of the reach of her creditors. No such interest was perfected prior to filing.

4. She testified that she owned the assets of her business, and then proceeded to contract with her mother to sell off those same assets to acquire a loan to address some pre-petition business debts.

5. She testified that Jason Hughes received approximately $24,000 out of lien placed against Charwood, or from other sources derived from the Debtor's assets.

## II.

## JURISDICTION AND VENUE

1. The Bankruptcy Court has jurisdiction over this Adversary Proceeding pursuant to 28 U.S.C. Sec. 157 and Sec. 1334 and 11 U.S.C. Sec. 542, 544, 547, 548, 549, 550, 551 and Federal Rule of Bankruptcy Procedure 7001.

2. The instant adversary proceeding is a core proceeding pursuant to 28 U.S.C. Sec. 157(b)(2)(A), (E) and (O).

3. Venue lies properly in this judicial district, in that this civil proceeding arises under Title 11 of the United States Code, as provided in 28 U.S.C. Sec. 1409.

## III.

## STATEMENT OF STANDING

4. The Trustee has standing to prosecute this matter pursuant to bankruptcy Code 11 U.S.C. Sec. 105, 28 U.S.C. Sec. 2201, 11 U.S.C. Sec. 542, 544, 547, 548, 549, 550, California Civil Code Sec. 3439, and Federal Rule of Bankruptcy Procedure ("FRBP") 7065, as the duly appointed and acting Trustee for the estate under 11 U.S.C. Sec. 704.

## IV.

## FIRST CAUSE OF ACTION

## DENIAL OF DISCHARGE

## 11 U.S.C. Sec. 727(a)(2)

5. The Trustee reasserts all prior allegations herein by this reference.

6. 11 U.S.C. 727(a)(2) provides that a Debtor's discharge may be denied if the Debtor, "with intent to hinder, delay, or defraud a creditor or an officer of the estate charged

with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed destroyed, mutilated, or concealed-Property of the debtor, within one year before the date of the filing of the petition; or Property of the estate, after the date of the filing of the petition."

7. The Trustee alleges that the Debtor:

    A. Transferred her interest in Charwood to Jason Hughes and/or the JPH Living Trust, within 1 year prior to filing;

    B. Transferred the $130,000 she was to receive, or did receive prior to, or after the petition was filed, to her mother;

    C. Allowed the transfer of the remainder of her interest in Charwood to Jason Hughes and/or the JPH Living Trust prior to, or after the petition was filed;

    D. Created documents intending to facilitate the illusion of the fiction of a legitimate transfer; and

    E. Made all such transfers with the intent to hinder, delay or defraud the court, the Trustee and all interested creditors.

8. As a result of the Debtor's actions, the Debtor's discharge should be denied pursuant to 11 U.S.C. Sec. 727(a)(2).

**V.**

**SECOND CAUSE OF ACTION**

**DENIAL OF DISCHARGE**

**11 U.S.C. Sec. 727(a)(3)**

9. The Trustee reasserts all prior allegations herein by this reference.

10. 11 U.S.C. Sec. 727(a)(3) provides that the Debtor's discharge can be denied "if the debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure was justified under all of the circumstances of the case."

11. The Trustee alleges that the Debtor:

    A. Upon request by the Trustee, the Debtor refused to produce statements pertaining to her bank account she owns with her mother;

    B. The Debtor, as co-owner of the bank account with her mother, possessed full and unfettered access to these statements;

    C. The Debtor's refusal to turn over these statements was intended to obfuscate the Debtor's financial condition; and

    D. The Debtor's actions were not justified under the circumstances.

12. As a result of the Debtor's actions, the Debtor's discharge should be denied pursuant to 11 U.S.C. Sec. 727(a)(3).

## VI.

### THIRD CAUSE OF ACTION

### DENIAL OF DISCHARGE

### 11 U.S.C. Sec. 727(a)(4)

13. The Trustee reasserts all prior allegations herein by this reference.

14. 11 U.S.C. Sec. 727(a)(4) provides that a Debtor's discharge can be denied if "the Debtor knowingly and fraudulently, in or in connection with the case made a false oath

or account, presented or used a false claim, gave offered, received, or attempted to

obtain money, property, or advantage, or a promise of money, property, or advantage,

for acting or forbearing to act, or withheld from an officer of the estate entitled to

possession under this title, any recorded information, including books, documents,

records, and papers, relating to the debtor's property or financial affairs."

15. The Trustee alleges that the Debtor:

> A.  Withheld records of her financial condition intentionally, and purposefully, to
>     which the Trustee is entitled;
>
> B.  Falsified documents that were intended to convey the perception that a good
>     faith transfer had taken place involving the transfer of the Charwood property
>     and proceeds derived therefrom;
>
> C.  Attempted to pass off documents filed in Family Law Court dividing up the
>     Debtor's assets as having full force and effect even though such transactions
>     were stayed by operation of the Automatic Stay on May 28th, 2019; and
>
> D.  Performed such actions intentionally with ill will.

16. As a result of the Debtor's actions, the Debtor's discharge should be denied pursuant
    to 11 U.S.C. Sec. 727(a)(4).

**VII.**

**FOURTH CAUSE OF ACTION**

**DENIAL OF DISCHARGE**

**11 U.S.C. Sec 727(a)(5)**

17. The Trustee reasserts all prior actions herein by this reference.

18. 11 U.S.C. Sec. 727(a)(5) provides that the Debtor's discharge may be denied if "the Debtor has failed to explain satisfactorily, before determination of denial of discharge under this paragraph, any loss of assets or deficiency of assets to meet the debtor's liability."

19. The Trustee alleges that the Debtor:

    A. Failed to demonstrate that the proceeds from the sale of Charwood should properly and legally be disbursed to her and her husband in even contributions of $139,000 and not be considered part of the bankruptcy estate;

    B. Failed to demonstrate why Jason Hughes is entitled to retain $24,000 from the sale of Charwood for use in the described real estate transaction; and

    C. Performed these acts intentionally and with ill will.

20. As a result of the Debtor's actions, the Debtor's discharge should be denied pursuant to 11 U.S.C. Sec. 727(a)(5).

## VIII.

## FIFTH CAUSE OF ACTION

## DENIAL OF DISCHARGE

## 11 U.S.C. Sec. 727(a)(6)

21. The Trustee reasserts all prior actions herein by this reference.

22. 11 U.S.C. Sec. 727(a)(6) provides that a Debtor's discharge may be denied if "the debtor has refused, in the case to obey any lawful order of the court, other than an order to respond to a material question or to testify; On the ground of privilege against self-incrimination, to respond to a material question approved by the court or to testify, after

the debtor has been granted immunity with respect to the matter concerning which such

privilege was invoked; or on a ground other than the property invoked privilege against

self-incrimination, to respond to a material question approved by the court or to testify.

23. The Trustee alleges that:

    A.  The Debtor's refusal to provide certain bank records upon request constitutes a

        refusal to testify;

    B.  Such refusal is without sufficient justification; and

    C.  Such action was taken intentionally and with ill will.

24. As a result of the Debtor's actions, the Debtor's discharge should be denied pursuant

to 11 U.S.C. Sec. 727(a)(6).

## IX.

## SIXTH CAUSE OF ACTION

## DENIAL OF DISCHARGE

## 11 U.S.C. Sec. 727(a)(7)

25. The Trustee reasserts all prior actions herein by this reference.

26. 11 U.S.C. Sec. 727(a)(7) provides that a Debtor's discharge may be denied if "the

debtor has committed any action specified in paragraph (2), (3), (4), (5), or (6) of this

subsection, on or within one year before the date of the filing of the petition, or during

the case, in connection with another case, under this title or under the Bankruptcy Act,

concerning an insider".

27. The Trustee alleges that the Debtor:

    A.  Transferred assets of the estate, either the Charwood property, or the proceeds

- 12 -

COMPLAINT

she received for the transfer of the Charwood property, to her mother, her

husband and/or her son all of which are statutory insiders;

B.  Obfuscated the nature of these transfers to insiders;

C.  Refused to produce documents pertaining to insiders;

D.  Refused to testify regarding actions taken with insiders; and

E.  Performed such actions intentionally and without sufficient justification.

28. As a result of the Debtor's actions, the Debtor's discharge should be denied pursuant

to 11 U.S.C. Sec. 727(a)(7).

## X.

## SEVENTH CAUSE OF ACTION

## TURNOVER OF PROPERTY

## 11 U.S.C. Sec. 542 & 543

29. The Trustee reasserts all prior actions herein by this reference.

30. 11 U.S.C. Sec. 542, in relevant part, provides that "An entity, in possession, custody,

or control, during the case, of property that the trustee may use, sell, or lease under

section 363 of this title, or that the debtor may exempt under section 522 of this title,

shall deliver to the trustee, and account for, such property or the value of such property,

unless such property is of inconsequential value or benefit to the estate."

31. The Trustee alleges:

A.  Jason Hughes, in his individual capacity, and as Trustee of the JPH Living

Trust, possesses the Charwood property.  The Charwood property is a parcel of

real property that the Debtor transferred out of her name within 1 year prior to

filing to an insider.  If the transfer is avoided by the Trustee, Jason Hughes should turn the Charwood property over to the Estate;

B.  Tim Hughes is believed to possess proceeds from the liquidation of the Charwood Property.  To the extent the transfer of the Charwood property to Jason Hughes is not avoided, and to the extent the transfer of the proceeds of liquidation to Tim Hughes is avoided, the proceeds distributed to Tim Hughes from the liquidation of the Charwood property should be turned over to the Estate;

C.  Betty McCarthy, in her individual capacity, and as Trustee of the Betty Lou McCarthy Living Trust, is believed to possess proceeds from the liquidation of the Charwood Property.  To the extent the transfer of the Charwood property to Jason Hughes is not avoided, and to the extent the transfer of the proceeds of liquidation to the Debtor, and/or immediate or mediate transfer to Betty McCarthy, in her individual capacity, and as Trustee of the Betty Lou McCarthy Living Trust, is avoided, the proceeds distributed to Betty McCarthy from the liquidation of the Charwood property should be turned over to the Estate;

D.  Jason Hughes, in his individual capacity, and as Trustee of the JPH Living Trust, is believed to possess $24,000 resulting from the liquidation of the Charwood Property.  Jason Hughes, in his individual capacity, and as Trustee of the JPH Living Trust, should turn over those funds.

E.  Betty McCarthy is believed to share an account at Bank of America with the Debtor.  The Trustee alleges that to the extent there are any assets in that account

1  to which the Debtor would otherwise have an interest, such assets should be

2  turned over to the estate.

3      F.  As the Debtor has not been completely forthcoming as to the disposition of her

4  assets, the Trustee reserves the right to amend this complaint to reflect further

5  assets that may be subject to turnover.

6  32. To the extent the parties mentioned above are considered "custodians" as defined in 11

7  U.S.C. Sec. 543 and 11 U.S.C. Sec. 101, the Trustee requests turnover pursuant to 11

8  U.S.C. Sec. 543 for the reasons stated in this section.  The Trustee alleges that all

9  entities listed above have been aware of the initiation of the BK Case since the petition

10  was filed.

11  33. The Trustee asks the court to order turnover of the relevant available and recovered

12  assets.

13  ## XI.

14  ## EIGHTH CAUSE OF ACTION

15  ## TRUSTEE AS LIEN CREDITOR

16  ## 11 U.S.C. Sec. 544

17  34. The Trustee reasserts all prior actions herein by this reference.

18  35. 11 U.S.C. Sec. 544 relevantly states that the Trustee stands in the position of any

19  creditor of the Debtor who possessed the equivalent of a judicial lien against the Debtor.

20  36. The Trustee alleges that he would have an action for a fraudulent conveyance under

21  California Civil Code Sec. 3439 if he were a judgment creditor of the Debtor.

22  37. A fraudulent conveyance under California Civil Code Section 3439 provides a cause

23

24

of action for any creditor where the transfer was made or incurred by a debtor with actual intent to defraud their creditors, or a transfer made without receiving reasonably equivalent value that renders the Debtor insolvent.

38. The Trustee alleges that:

A.  The Debtor's actions prior to filing for bankruptcy were intended to defraud her creditors.  Specifically, the Debtor:

1.  Purported to purchase an interest in Shorebreak by creating a document affecting a sale of part of the Charwood property for no consideration;

2.  Did not actually purchase an interest in Shorebreak as no consideration was provided to Betty McCarthy;

3.  Intentionally transferred assets out of the Debtor's name on the eve of filing for bankruptcy to insiders;

4.  Refused to produce documentation demonstrating the transfer of the proceeds from Charwood's liquidation into Betty McCarthy's bank account;

5.  Effectively rendered the Debtor insolvent after the transfer; and

6.  Did not even perfect an interest in the Shorebreak property prior to the imposition of the Automatic Stay such that effectively no such transfer ever took place.

B.  The Debtor did not receive equivalent value for Charwood in that the value of the Charwood Property was greater than the amount she received from Jason

Hughes.

39. As Such, the Trustee requests that the court find that the Debtor and other Defendants should be required to return those estate assets disbursed to them pursuant to 11 U.S.C. Sec. 544.

## XII.

### NINTH CAUSE OF ACTION

### AVOIDANCE OF PREFERENTIAL TRANSFER

### 11  U.S.C. Sec. 548

40. The Trustee reasserts all prior actions herein by this reference.

41. 11 U.S.C. Sec. 548 provides that:

    A.  The trustee may avoid a transfer of an interest of the debtor in property, or any obligation incurred by the Debtor, that was made or incurred on or within 2 years before the date of the filing of the petition, if the debtor voluntarily or involuntarily:

        1.  Made such transfer or incurred such obligation with actual intent to hinder, delay, or defraud any entity to which the debtor was or became, on or after the date that such transfer was made or such obligation was incurred, indebted; or

        2.  Received less than a reasonably equivalent value in exchange for such transfer or obligation; and

            a)  Was insolvent on the date that such transfer was made or such obligation was incurred, or became insolvent as a result of such

transfer or obligation;

    b) Made such transfer to or for the benefit of an insider.

42. The Trustee alleges that:

    A. The Debtor engaged in all transfers complained of voluntarily and with the intent to defraud her creditors.

    B. Such transfers were all made to insiders.

    C. The transfer of Charwood Property was for insufficient value for what she received in exchange. The Trustee alleges that she received no money until after the bankruptcy petition was filed. To the extent she did receive $139,000 pre-petition, she traded it in exchange for $300,000 in equity on Charwood Property, which was insufficient.

    D. The divestiture of Charwood Property rendered her insolvent.

43. For the reasons stated herein, the Trustee requests that the he be allowed to avoid the transfer of the Charwood Property to Jason Hughes.

## XII.

## TENTH CAUSE OF ACTION

## LIABILITY OF A PREFERENTIAL TRANSFER

## 11 U.S.C. Sec. 550

44. The Trustee reasserts all prior allegations herein by this reference.

45. 11 U.S.C. Sec. 550 provides that the Trustee may recover transferred property avoided pursuant to 11 U.S.C. Sec. 548 from initial, immediate or mediate parties.

46. To the extent the court avoids the transfers as requested pursuant to 11 U.S.C. Sec. 548,

the Trustee requests that the court allow the Trustee to recover this property from any

initial, immediate or mediate transferees as appropriate and as according to proof.

### XIII.

### ELEVENTH CAUSE OF ACTION

### AVOIDANCE OF POST-PETITION TRANSFERS

### 11 U.S.C. Sec. 549

47. The Trustee reasserts all prior allegations herein by this reference.

48. 11 U.S.C. Sec. 549 provides that the Trustee may avoid any post-petition transfers of

the property of the estate by the Debtor.

49. To the extent any of the transfers are proven to be post-petition transfers of estate

property, the Trustee asks to avoid such transfers.

### XIV.

### TWELFTH CAUSE OF ACTION

### SALE OF ESTATE PROPERTY

### 11 U.S.C. Sec. 363(h)

50. The Trustee reasserts all prior allegations herein by this reference.

51. 11 U.S.C. 363(h) provides that the Trustee may liquidate property that the Debtor owns

jointly with another party.

52. To the extent it is determined that the Debtor actually purchased an interest in the

Shorebreak property, the Trustee requests the liquidation of the Shorebreak property

and proper distribution of its proceeds in accordance with the Debtor's interest in

Shorebreak.

53. The Trustee believes that the Shorebreak property's value is $1,600,000.

54. The Debtor may have a purported 12% in this property or an interest worth $192,000.

55. The Debtor has exempted only $29,275 in this property.

56. The total amount of claims filed in the case total $398,109.

57. The Trustee believes that there is substantial equity in this property if liquidated to pay the unsecured creditors.

58. For these reasons, the Trustee requests the sale of this property in accordance with 11 U.S.C. Sec. 363.

**XV.**

**THIRTEENTH CAUSE OF ACTION**

**AVOIDANCE OF A PREFERENTIAL TRANSFER**

**11 .S.C. Sec. 547**

59. The Trustee reasserts all prior allegations herein by this reference.

60. 11 U.S.C. Sec. 547 provides that the Trustee may avoid the transfer of property made by the Debtor:

    A.  To or for the benefit of a creditor;

    B.  For or on account of an antecedent debt owed by the Debtor before such transfer was made;

    C.  Made while the Debtor was insolvent;

    D.  That occurred within 1 year of the date of the filing of the bankruptcy petition if such transfer was to an insider;

    E.  That enables such creditor to receive more than such creditor would receive if:

      1.   The case were a case under Chapter 7 of this title;

      2.   The transfer had not been made; and

      3.   Such creditor received payment of such debt to the extent provided by the provisions of this title.

61. To the extent Betty McCarthy could be considered to have a pre-petition claim against the estate, the transfer of $139,000 to her can be avoided.

62. Betty McCarthy is an insider of the Debtor.

63. The payment of $139,000, if made pre-petition, was not transferred for equivalent value.

64. The Debtor did not receive an interest in the Shorebreak property prior to filing. No consideration was paid in exchange for the $139,000. As of May 28th, 2019, the Debtor transferred liquid proceeds in exchange for an undefined and contingent right.

65. This allowed Betty McCarthy to receive more than she would receive as a creditor in Ms. Hughes Chapter 7 filing.

66. The Trustee requests that the court avoid the transfer to Betty McCarthy pursuant to 11 U.S.C. Sec. 547.

## XVI.

## PRAYER

Based upon the foregoing, the Trustee requests:

1. Denial of Discharge pursuant to 11 U.S.C. Sec. 727(a)(2)-(7);

2. Turnover of estate proceeds pursuant to 11 U.S.C. Sec. 542;

3. Avoidance of a fraudulent conveyance pursuant to 11 U.S.C. Sec. 544;

COMPLAINT

4.  Avoidance of preferential transfers pursuant to 11 U.S.C. Sec. 547;

5.  Avoidance of preferential transfers pursuant to 11 U.S.C. Sec. 548;

6.  Avoidance of post-petition transfers pursuant to 11 U.S.C. Sec. 549;

7.  A judgment in favor of the Trustee according to proof pursuant to 11 U.S.C. Sec. 550;

8.  Sale of the Shorebreak Property pursuant to 11 U.S.C. Sec. 363; and

9.  Other relief as the court deems appropriate.


Date:12/9/2019                    Signed:/S/ ANERIO V. ALTMAN, ESQ.
                                  ANERIO V. ALTMAN, ESQ.
                                  ATTORNEY FOR TRUSTEE
                                  RICHARD A. MARSHACK

COMPLAINT

COMPLAINT